**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **MARY PATRICK** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 16-10755** |
| | * | |
| **TRACTOR SUPPLY CO.** | * | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court are two motions: Defendant Tractor Supply Company's Motion for Summary Judgment, R.13, and Plaintiff's Motion seeking a default judgment, an order striking the pleadings, or an adverse inference due to spoliation of evidence. R.14. The Court has reviewed the parties' arguments and applicable law, and now issues this Order and Reasons.

## I.    BACKGROUND

This personal injury action arises out of an alleged slip-and-fall incident that occurred on November 7, 2015. On May 27, 2016, Plaintiff filed suit against Defendant in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. R. Doc. 1-1. Plaintiff alleges that while visiting Defendant's store she tripped and fell over rope and/or cable wire in the aisles and walkways. R. Doc. 1-1 at 3. Plaintiff claims that she suffered injuries as a result of the fall which required "extensive medical treatment, including knee surgery." R. Doc. 1-1 at 3. Plaintiff seeks past, present, and future damages for medical expenses, pain and suffering, disability, lost income, and other yet undetermined damages. R. Doc. 1-1 at 4.

On June 17, 2016, Defendant filed a Notice of Removal in this Court, alleging federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. R. Doc. 1 at 2. On that same date, Defendant filed an Answer denying all of the Plaintiff's allegations. R. Doc. 2. In its Answer, Defendant raised a number of affirmative defenses, including contributory negligence, comparative fault, and failure

to mitigate damages. R. Doc. 2.

## II.     Defendant's Motion for Summary Judgment (R. 13)

Defendant argues that it is entitled to summary judgment because Plaintiff cannot establish the essential elements of her case and there are no issues of material fact. R. 13 at 1. Defendant asserts that it is a merchant, and therefore liability in this case is governed by Louisiana premises liability law. R. 13 at 6. To recover under La. R. S. 9:2800, the Plaintiff must demonstrate (1) there was "an unreasonable and reasonably foreseeable rick of harm," (2) that Defendant "created or had actual or constructive notice of the condition," and (3) that Defendant "failed to exercise reasonable care." R. 13 at 6-7. Defendant contends the undisputed evidence proves that it did not have actual or constructive notice of the allegedly hazardous condition, and therefore it is not liable under Louisiana law.

According to Defendant, its store manager walked through the aisles when he closed the store the evening before the accident, and there were no ropes or cable wires on the floor at that time. R. 13 at 3. Additionally, the manager testified that prior to opening the store on November 7, 2015, he again walked through the store—including the area where Plaintiff eventually fell— and verified there was nothing on the ground. R. 13 at 3. After ensuring the aisles and walkways were clear, he opened the store at 8:00 a.m. R. 13 at 4. The manager testified that no one purchased any rope or cable wire between the time he opened the door and when Plaintiff fell at about 8:15 a.m. R. 13 at 4.

Defendant argues that Plaintiff does not allege it had actual notice of the alleged tripping hazard, and therefore Plaintiff must prove it had constructive notice of the allegedly hazardous condition. R. 13 at 8. "To prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered

its existence through the exercise of reasonable care." R. 13 at 8 (citing *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081 (La. 1997)). To meet this burden, Plaintiff must demonstrate "the condition existed for some time before the fall." R. 13 at 8. Defendant argues that the Louisiana Fifth Circuit Court of Appeals determined that "when a premises is inspected prior to opening and a dangerous condition may have been created approximately 30 minutes thereafter . . . constructive notice cannot be imputed to the Defendant merchant." R. 13 at 11 (citing *Scott v. Dillard's, Inc.*, 14-755 (La. App. 5 Cir. 3/11/15), 169 So. 3d 468, 473)). Thus, Defendant contends that under Louisiana law, Plaintiff has failed to demonstrate the Defendant had constructive notice of the allegedly hazardous condition, and Defendant is entitled to summary judgment. R. 13 at 11.

### a. Plaintiff's Opposition (R. 15)

Plaintiff opposes the motion, and argues that the incident did not occur until either 8:25 a.m. or 8:45 a.m., which at least raises a factual question regarding whether Defendant had constructive notice of the hazardous condition. R. 15 at 1. According to Plaintiff, Defendant does not dispute the cable wire was strewn across the aisle at the time of the incident. R. 15 at 2. Further, Plaintiff argues the timeline of events outlined in Defendant's motion is unreasonable, and implies a "phantom shopper" entered the store and placed the cable wire on the floor of the aisle just before Plaintiff's accident. R. 15 at 2. Next, Plaintiff explains that initially there was video surveillance of the event, however, it was destroyed before Plaintiff had a chance to review the footage. Thus, Plaintiff contends without video evidence of the time of the accident, the timeline of the incident is still an issue of disputed fact, and Defendant's summary judgment must be denied. R. 15 at 4.

### b. Defendant's Reply (R. 29)

Defendant argues that Plaintiff's Opposition only raises two disputed facts: (1) the time the accident occurred, and (2) allegations that the Defendant intentionally destroyed surveillance

footage. R. 29 at 1. Defendant avers that neither of these issues are actually genuine issues of material fact that preclude summary judgment. R. 29 at 1-2. First, Defendant alleges that Plaintiff testified in her deposition that the incident occurred shortly after 8:10 a.m. R. 29 at 2-3. Defendant admits the store manager testified the accident may have occurred as late as 8:25 a.m., but argues even if that were the case, those additional fifteen minutes are insufficient to demonstrate the Defendant had constructive notice of the hazard under Louisiana law. R. 29 at 3.

Second, Defendant contends that the video footage was irrelevant, and Plaintiff's allegation that Defendant intentionally destroyed the video does not create an issue of material fact that precludes summary judgment. R. 29 at 3-4. According to Defendant, the store manager reviewed the footage and confirmed it did not show cable on the floor, the area where the incident occurred, or depict the Plaintiff's fall. R. 29 at 4. Thus, Defendant argues the undisputed facts demonstrate it did not have constructive notice of the alleged hazard, and it's motion seeking summary judgment should be granted.

## c.  Law and Analysis

### 1.      Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and

identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, however, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co*., 784 F.2d 577, 578 (5th Cir. 1986).

## 2.    Analysis

Under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. § 9:2800.6. "In a negligence claim brought against a merchant . . . for damages as a result of an injury . . . sustained because of a fall," the plaintiff must prove, in addition to elements of negligence, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence;

> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B). The Act further states that " 'constructive notice' means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C).

Here, the parties dispute whether Defendant had constructive notice of the hazard at the time of the accident. Central to this dispute is the exact timeline of the events that morning. In its motion, Defendant states that the accident occurred shortly after Plaintiff entered the store at 8:10 a.m. Plaintiff avers the accident may have occurred as late as 8:25 or 8:45 that morning. Having reviewed the depositions, the Court finds that this issue is a disputed material fact. In Plaintiff's deposition, she explains "I think it was like ten after eight when I got there." R. 13-4 at 39. After entering the store, she walked around trying to find a clear path, but there were multiple customers and animals in the aisle waiting for the vaccination clinic. *See* R. 13-4 at 40-46. Once she had tried to walk down a few different aisles, she eventually proceeded down the aisle where the accident occurred. R. 13-4 at 46-50. During the store manager's deposition, he explained that he walked by the area where Plaintiff fell at approximately 7:45 a.m., and did not see the cable wire in the walkway. R. 13-5 at 15. He then opened the doors to the store at 8:00 a.m. Because of a vaccination clinic the store was holding that day, when Plaintiff entered at 8:10 a.m., there were so many people in the vaccination line with their pets, many of the aisles were impassable. *See* R. 13-4 at 40-46; R. 13-5 at 21. She was forced to maneuver around these people, until she walked down this particular aisle and tripped and fell.

Based on Defendant's timeline of events, the store manager walked past the area of the accident around 7:45 a.m., and did not see any cable wire in the aisle way. R. 13-5 at 15. Then,

after numerous people and animals entered the store, Plaintiff tripped over the wire at 8:25 a.m. It is undisputed that the wire—which was dark grey, and similar in color to the concrete flooring—was on the floor and created a hazard. However, it is unknown how the wire could have been strewn across the aisle in the forty minutes between when the store manager walked past the area and the Plaintiff's fall.

Defendant argues that under the Louisiana Fifth Circuit Court of Appeals decision in *Scott v. Dillard's, Inc.*, a hazard that is on the floor for thirty minutes cannot impute constructive knowledge to the Defendant. 14-755 (La. App. 5 Cir. 3/11/15), 169 So. 3d 468, 473. While *Scott* is not binding on this Court, there are several factors in this case that lead to a different outcome. First, in *Scott*, the manager testified that the slipping hazard—a sign which fell off the door—had been stuck to the wall with adhesive, and was very unlikely to fall. Second, the area had been cleaned, all debris was removed, and the manager "inspected" the area prior to opening the doors. In this case, the store manager indicates store managers are required to "walk the floor to make sure nothing is on the floor" and anything that was blocking the aisles would have been moved. R. 13-4 at 11. He explains he did not notice anything out of the ordinary when he passed the area to open the door. R. 13-4 at 15.

However, he does not offer any details about the inspection he completed that morning, nor does he explain how he knew the aisle was free of hazards. Instead, he merely states that he did not see the wire across the walkway—the same wire Plaintiff did not see before she tripped and fell. The video footage of the end of the aisle could have been helpful in determining whether Defendants had constructive notice of the wire in the aisle, as it could have shown the manager walking past and inspecting this area. However this footage was destroyed. Drawing appropriate inferences in the light most favorable to the nonmoving party, the Court finds there is an issue of

material fact regarding whether the store manager inspected the aisle and if he did, whether he failed to notice the cable when he walked by at 7:45 a.m., and whether the condition existed long enough as to give Defendant constructive notice of the hazard. Therefore, Defendant's Motion for Summary Judgment must be **DENIED**.

### III.     Plaintiff's Motion for Default Judgment and to Strike Pleadings (R. 14)

Plaintiff has filed a motion seeking a default judgment, to strike pleadings, or an adverse inference based on spoliation of evidence. R. 14 at 1. Plaintiff argues that Defendant "willfully and intentionally" destroyed or disposed of relevant video footage after it received Plaintiff's written demand, and thus a sanction for spoliation is appropriate. R. 14 at 1. According to Plaintiff, after she reported the accident to the store manager, he went to his office and viewed video footage of the incident. R. 14 at 2. The manager testified that the video depicted Plaintiff immediately after the accident, "sitting on the floor against this endcap across from the door." R. 14 at 2. The manager later confirmed that the third-party claims administrator who stores and maintains video footage keeps all footage for three months before it is destroyed. R. 14 at 2. Plaintiff avers that she sent a letter to the security firm on January 21, 2016, less than three months after the accident, requesting that all video footage related to the incident be preserved. R. 14 at 2. However, when Plaintiff requested the video during discovery, Defendant explained that it no long existed. R. 14 at 3.

Plaintiff argues that at the very least the video shows Plaintiff immediately after the accident, and was therefore relevant to this claim. R. 14 at 4. Plaintiff contends that the video would include direct evidence regarding when the manager checked the aisles before opening the store, and this evidence would resolve the question of how long the hazard was present before the accident, and therefore whether Defendant had constructive notice of the hazardous condition. R. 14 at 4. Further, Plaintiff argues that sanctions are warranted because Defendant acted in bad

faith—it knew the video existed, even received a formal demand to preserve the footage, and still destroyed relevant evidence. R. 14 at 4-5. Thus, Plaintiff seeks a default judgment, an order striking the Defendant's pleadings, or an adverse inference in this case.

### a. Defendant's Opposition (R. 18)

Defendant opposes the motion, and argues that it had no duty to retain irrelevant footage that did not depict the accident. R. 18 at 1. Defendant explains that the accident occurred on November 7, 2015, and on January 21, 2016 its claims department received a letter via email from Plaintiff's counsel requesting that "footage of the incident" be preserved. R. 18 at 5. Immediately after receiving the email, the claims adjuster responded, "There is no video at this location in the area of your client's alleged fall." R. 18 at 5. According to the claims department, it never received additional correspondence requesting footage of other areas of the store, and eventually the video was taped over, in accordance with the claim adjuster's policies. Additionally, Defendant contends that the store manager testified you "couldn't see much of anything on the video," and therefore it is irrelevant. R. 18 at 4.

Defendant contends that Plaintiff has failed to allege a legal basis that would support a default judgment, striking Defendant's pleadings, or an adverse inference. R. 18 at 5-6. Defendant argues the party alleging spoliation has the burden of proving the accused party had a duty to preserve evidence, that evidence was relevant, and it was destroyed in bad faith. R. 18 at 7. As explained above, Defendant contends that this footage was irrelevant and therefore Plaintiff was not prejudiced by its unavailability. Further, the lawsuit was not filed until May 27, 2016, long after the video had been destroyed, so Defendant did not have a duty to preserve the footage. Finally, it was destroyed in accordance with company policy, and not in bad faith. Thus, Defendant argues sanctions for spoliation are not warranted in this case, particularly in light of the store

manager's undisputed testimony that he checked the aisles for hazards prior to opening the store on the morning of the accident. R. 18 at 10-11.

### b.  Plaintiff's Reply (R. 22)

Plaintiff timely replies, and argues Defendant did have a duty to preserve this relevant evidence. R. 22 at 1. Plaintiff contends that under the spoliation doctrine, it is required to prove Defendant had a duty to preserve evidence, and the Defendant intentionally destroyed that evidence. R. 22 at 2. According to Plaintiff, this duty was created when Defendant had notice the evidence was relevant to litigation. R. 22 at 2 (citing *Menges v. Cliffs Drilling Company,* No. 99–2159, 2000 WL 765082, at *1 (E.D. La. June 12, 2000) (Vance, J.)). Plaintiff sent a letter of representation to the claims administrator demanding preservation of the footage before it was destroyed, and argues this put Defendant on notice the evidence was relevant to the litigation. R. 22 at 3. Finally, Plaintiff argues that the destruction was intentional, because if the footage had shown evidence that was helpful to Defendant, namely that the store manager conducted an inspection before opening the store, Defendant would have preserved the video. R. 22 at 4.

### c.  Law and Analysis

#### 1.      Law of Spoliation

Because this case is before the Court pursuant to this court's diversity jurisdiction, the Court applies federal evidentiary rules rather than state spoliation laws. *Condrey v. SunTrust Bank of Georgia,* 431 F.3d 191, 203 (5th Cir. 2005) (citing *King v. Ill. Cent. R.R.,* 337 F.3d 550, 556 (5th Cir. 2003)); *Lafayette Ins. Co. v. CMA Dishmachines,* No. 03–1098, 2005 WL 1038495, at *3 (E.D. La. Apr. 26, 2005) (Vance, J.). Under Rule 37, a court may issue an order imposing an array of sanctions if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. Proc. 37(b)(2)(A). Here, where the alleged conduct occurred prior to the commencement of litigation,

federal law provides that a trial court may exercise its discretion to impose sanctions on a party responsible for the spoliation (i.e. intentional destruction) of relevant evidence. *Menges v. Cliffs Drilling Company,* No. 99–2159, 2000 WL 765082, at *1 (E.D. La. June 12, 2000) (Vance, J.); s*ee also Rimkus Consulting Group, Inc. v. Cammarata,* 688 F.Supp.2d 598, 612 (S.D. Tex.2010) ("Spoliation is the destruction or the significant and meaningful alteration of evidence."). "Adverse inference sanctions 'are properly viewed as among the most severe sanctions a court can administer.' " *Spencer v. Hercules Offshore, Inc.,* No. 13–4706, 2014 WL 1681736, at *4 (E.D. La. Apr. 28, 2014) (Vance, J.).

For the spoliation of evidence doctrine to apply, the movant must prove two elements: (1) that the party who had control over the evidence had a duty to preserve it at the time the evidence was destroyed; and (2) that the destruction of evidence was intentional. *Garnett v. Pugh,* 2015 WL 1245672, at *4 (E.D. La. March 18, 2015) (Barbier, J.); *Menges,* 2000 WL 765082, at *2. "A duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation." *Premier Dealer Servs., Inc. v. Duhon,* No. 12–1498, 2013 WL 6150602, at *3 (E.D. La. Nov. 22, 2013) (Roby, M.J.); s*ee also Dixon v. Greyhound Lines, Inc.,* 2014 WL 6087226, at*2 (M.D. La. Nov. 13, 2014) ("The duty to preserve material evidence arises not only during litigation, but also during the period before litigation when a party knew or should have known that litigation was imminent."); *Garnett,* 2015 WL 1245672, at *4 ("In order for a party to have a duty to preserve evidence, the party must have notice that the evidence is relevant to the litigation."). Further, it is well settled within the Fifth Circuit that an adverse inference drawn from the destruction of records is predicated on bad faith. *United States v. Wise,* 221 F.3d 140, 154 (5th Cir. 2000); *King v. Illinois Cent. R.R.,* 337 F.3d 550, 556 (5th Cir. 2003); *Vick v. Texas Employment Commission,* 514 F.2d 734, 737 (5th Cir. 1975). "Culpability is not established by

any bright line test, but rather, analyzed on a case-by-case basis." *Premier Dealer Servs., Inc.,* 2013 WL 6150602, at 5.

### 2.      Analysis

Based on the undisputed facts, Defendant was aware that Plaintiff intended to file a suit no later than January 21, 2016. R. 18 at 5. The Court thus finds the evidence in question was relevant to this litigation, so the thrust of the Court's analysis will focus on whether its destruction occurred in bad faith. The facts do not support such a finding. When contacted by Plaintiff's counsel, the claims administrator explained it did not have any footage of the area of the alleged accident. R. 18 at 5. Plaintiff did not identify any additional footage she was seeking.

Plaintiff argues the footage showed Plaintiff after the accident, and may have demonstrated whether and when the store manager inspected the area. While the Court agrees this information may have been relevant to the case, it does not demonstrate that the Defendant acted in bad faith by destroying the video surveillance in accordance with its normal retention policy. Plaintiff's counsel requested "all video footage of the incident" and did not indicate he was requesting footage of the area surrounding the accident. Thus, believing there was no footage of the accident, the footage of the surrounding area was destroyed by the time Plaintiff filed this lawsuit in May of 2016. Defendant's failure to retain the footage was not the result of a directed action to delete the information but rather a failure to stop the automatic deletion process. Such action, at best, amounts to negligence and does not rise to the level of bad faith. Based on these facts, the Court does not find bad faith on the part of Defendant or its third-party claims administrator, and finds that none of Plaintiff's proposed remedies—a default judgment, striking pleadings, or an adverse inference—are warranted in this case. *See United States v. Wise,* 221 F.3d 140, 154 (5th Cir. 2000).

Thus, Plaintiff's Motion must be **DENIED**. The Court will nevertheless allow the parties to admit evidence of these issues during trial.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant, Tractor Supply Company's Motion for Summary Judgment, R. 13, is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Default Judgment, to Strike Pleadings, or an Adverse Inference, R. 14, is **DENIED**. However, the parties shall be permitted to admit evidence of the discovery issues surrounding the video surveillance at trial.

New Orleans, Louisiana this 30th day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE